Quarracy L. Smith (AZ Bar # 033515)
James M. Green (AZ Bar # 032211)
**SMITH & GREEN**
Attorneys at Law, P.L.L.C.
3101 North Central Avenue
Suite 690
Phoenix, Arizona 85012-2658
Telephone: (602) 812-4600
Fascimile: (888) 913-2345
Email: jgreen@smithgreenlaw.com
Email: qsmith@smithgreenlaw.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carolyn Tellez, an unmarried woman, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | (JURY TRIAL DEMANDED) |
| Cornerstone Behavioral Health Tucson, LLC, an Arizona corporation, | |
| Defendant. | |

## <u>NATURE OF THE ACTION</u>

This is an action for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq* ("Title VII") against Defendant Cornerstone Behavioral Health Tucson, LLC ("Defendant").

## <u>JURISDICTION AND VENUE</u>

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §§ 2000e.

2.      All conditions precedent to jurisdiction under 42 U.S.C. § 2000(e)-5 have been met. Plaintiff, Carolyn W. Tellez, timely filed a charge of employment discrimination

1   and retaliation that alleged violations of Title VII of the Civil Rights Act of 1964, as

2   amended, with the U.S. Equal Employment Opportunity Commission ("EEOC"), identified

3   by EEOC Charge No. 540-2019-02129. A copy of the charge of discrimination is attached

4   as **Exhibit A** and incorporated by reference herein. Plaintiff submitted her charge in a timely

5   fashion and received a notice of right to sue the charge from EEOC on or about October 8,

6   2020. This action has been commenced within ninety (90) days of Plaintiff's receipt of the

7   notice of right to sue as to EEOC Charge No. 540-2019-02129.

8       3.      The named Defendant, by virtue of its own acts and omissions or by virtue

9   of the acts and omissions committed by one or more of their agents, employees or

10  representatives, as described herein, have conducted business or caused events to occur

11  within the District of Arizona and, more particularly, within Pima County Arizona, as more

12  particularly described herein so as to give rise to both subject matter and personal

13  jurisdiction of this Court.

14      4.      Venue is proper pursuant to 28 U.S.C. § 1391(b).

15                              **PARTIES**

16      5.      Carolyn W. Tellez ("Plaintiff" or "Ms. Tellez") is and was at all relevant

17  times, a female, a citizen of the United States and a resident of Maricopa County, State of

18  Arizona. Beginning on or about July 9, 2018, and during the relevant time that followed,

19  Ms. Tellez was employed by Cornerstone Behavioral Health Tucson, LLC ("Defendant").

20      6.      At all relevant times, Defendant continuously did business in the State of

21  Arizona, City of Tucson, and continuously had at least 15 employees.

22

23                                  2

## FACTUAL ALLEGATIONS

7.      Defendant hired Ms. Tellez as a Psychiatric Mental Health Nurse Practitioner on or about July 9, 2018, she was qualified for the position, and she remained in that position from her date of hire through March 31, 2019.

8.      In or about December 2018, Defendant hired Michael Truman to be the Chief Executive Officer.

9.      From December 2018 through the remainder of Ms. Tellez's employment with Defendant, Mr. Truman was friendly towards male employees, referred to male employees as "my boy" or "my boys," and he repeatedly praised the job performance of male employees.

10.     From December 2018 through the remainder of Ms. Tellez's employment with Defendant, Mr. Truman was overly critical of the job performance of female employees, spoke to female employees in an aggressive, loud, and condescending tone, and he often questioned the decisions of female employees.

11.     Mr. Truman required that Ms. Tellez justify clinical decisions; however, similarly-situated male employees were not required to justify clinical decisions.

12.     From December 2018 through the remainder of her employment with Defendant, Mr. Truman frequently made offensive and condescending remarks to female employees, and Mr. Truman repeatedly referred to a female employee, Jessica H. (last name unknown), as "pretty girl" and "girlie." Jessica told Ms. Tellez that Mr. Truman made Jessica very uncomfortable and indicated she would file a formal complaint.

13.     Upon information and belief, Jessica met with Keith (last name unknown)

regarding her complaint about Mr. Truman's offensive remarks, and Keith flew in from Texas to meet with her regarding her complaint. Jessica was subsequently placed on administrative leave, temporarily returned to work, and was later terminated.

14.    On March 17, 2019, Ms. Tellez emailed a complaint to Human Resources, an excerpt of which is below:

> I believe I am being treated unfavorably because I am female. [Mr. Truman] has consistently eliminated females from this facility and remained confrontational with those who have remained. He has challenged only female providers even though there has been clear and documented concerns regarding some of the male providers. [Mr. Truman] and Keith had both recently praised my abilities for managing the unit for 10 days during the Medical Director's absence. Friday morning, I was asked to assume care of the most challenging patient on the unit due to concerns for adequate and appropriate care by the assigned male provider. There has been concerns regarding documentation, medication, and general mismanagement of care by my male counterparts and none have been attached with such hostility or with what appears to be a personal agenda.

A complete copy of the complaint Ms. Tellez submitted is attached as **Exhibit B** and incorporated by reference herein.

15.    On March 19, 2019, Ms. Tellez sent an email advising her last day of employment would be March 31, 2019.

### FIRST CLAIM FOR RELIEF

**[Sex-Based Discrimination – 42 U.S.C. § 2000e, et seq.]**
**[Disparate Treatment and Disparate Impact]**

16.    The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

17.    Through the duration of Ms. Tellez's employment, Defendant was engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C.

4

§ 2000e-2(a) by subjecting Plaintiff and other female employees to substantially severe or pervasive harassment constituting a hostile work environment, because of sex.

18. Defendant has discriminated against Plaintiff and other female employees in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., as amended by the Civil Rights Act of 1991, by subjecting Plaintiff and female employees to adverse treatment on the basis of their sex, female.

19. Plaintiff and similarly-situated female employees have suffered from both disparate treatment and disparate impact as a result of Defendant's conduct.

20. Plaintiff and similarly-situated female employees were treated less favorable than male counterparts by subjecting them to different terms and conditions of employment than similarly-situated male employees, by frequently and unfairly criticizing female employees' job performance, allowing male management employees to aggressively yell at female employees, requiring female employees to seek approval before making critical medical decisions, and by discharging – or constructively discharging – female employees and replacing them with male employees.

21. Despite knowledge of the harassment, Defendant failed to take prompt and effective remedial action to prevent, correct, or remedy the hostile work environment.

22. The unlawful employment practices described herein were intentional, willful, deliberate, reckless, malicious, and conducted in callous disregard of Plaintiff, entitling her to punitive damages.

23. The unlawful employment practices described herein deprived Ms. Flores of equal employment opportunities and adversely affected her employment because of her sex,

female.

## SECOND CLAIM FOR RELIEF

### [Retaliation]

24.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

25.     After Ms. Tellez opposed discriminatory treatment, Defendant engaged in unlawful retaliatory conduct in violation of Section 704(a) of Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e-3(a) by engaging in disrespectful conduct and treating her less favorable that similarly-situated employees that had not opposed Defendant's discriminatory conduct.

26.     After Ms. Tellez complained of discriminatory treatment, Defendant engaged in unlawful retaliatory conduct in violation of Section 704(a) of Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e-3(a) by engaging in disrespectful conduct and treating her less favorable that similarly-situated employees that had not opposed Defendant's discriminatory conduct.

27.     Defendant intentionally engaged in unlawful and retaliatory conduct with the intent of depriving Ms. Tellez of her federally protected right to oppose and complain of discriminatory conduct.

28.     The unlawful employment practices described herein were done with malice or with reckless indifference to Ms. Tellez's federally protected rights.

6

1

2

3     **THIRD CLAIM FOR RELIEF**

4     **[Constructive Discharge]**

5     29.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

6     30.     Defendant subjected Ms. Tellez to an objectionably intolerable work environment where the offensive and unwelcome comments were so egregious that no reasonable person could have continued working there.

7     31.     On March 31, 2018, Ms. Tellez was constructively discharged as a result of Defendant's conduct described herein.

8

9

10

11    **PRAYER FOR RELIEF**

12    A.     Order Defendant to make Ms. Tellez whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein, including job search expenses and backpay in amounts to be determined at trial.

13    B.     Order Defendant to make Ms. Tellez whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

14    C.     Order Defendant to pay Ms. Tellez punitive damages for its malicious or reckless indifferent conduct described herein, in amounts to be determined at trial.

15    D.     Grant such further relief as this Court deems necessary and proper in the public interest.

7

E.    Grant an award of attorney fees and costs that may be permitted under the law.

## JURY TRIAL DEMANDED

The Plaintiff respectfully requests a jury trial on all questions of fact raised in this Complaint.

RESPECTFULLY SUBMITTED this 6th day of January, 2021.

SMITH & GREEN
Attorneys at Law, P.L.L.C.

/s/ Quarracy L. Smith
Quarracy L. Smith
AZ Bar #033515
3101 N. Central Avenue, Suite 690
Phoenix, Arizona 85012-2658
Telephone: (602) 812-4600
Fax: (888) 913-2345
Email: qsmith@smithgreenlaw.com

*Attorney for Plaintiffs*

8